COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Aaron Charles Burton v. The State of Texas

Appellate case number:      01-14-00513-CR, 01-14-00514-CR

Trial court case number:    1330898, 1330899

Trial court:                351st District Court of Harris County

The complete record was filed in the above-referenced appeals on September 6, 2014, with the filing of the reporter's records. Appellant's briefs were set to be due within 30 days of the filing of the reporter's record, or by October 6, 2014. Because appellant did not timely file a brief by October 6, 2014, the Clerk of this Court sent late brief notices on October 14 and 15, 2014, notifying appellant's counsel that these cases would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), if his briefs and extension motions were not filed within 10 days of those notices. Nevertheless, appellant's appointed counsel, Tony Aninao, has not timely filed briefs or extension requests on appellant's behalf.

We therefore abate these appeals and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Tony Aninao, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute these appeals;
(2) if appellant does wish to prosecute these appeals, determine whether counsel Tony Aninao has abandoned these appeals;
(3) if counsel Tony Aninao has not abandoned these appeals:
   a. inquire of counsel the reasons, if any, that he has failed to file briefs on appellant's behalf; and
   b. set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing;
(4) if Tony Aninao has abandoned these appeals, enter a written order relieving Tony Aninao of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;
(5) make any other findings and recommendations the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The trial court clerk is directed to file supplemental clerk's records containing the trial court's findings and recommendations with this Court in each appellate cause number within 30 days of the date of this order. The court reporter is directed to file the

reporter's record of the hearing in each appellate cause number within 30 days of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

These appeals are abated, treated as closed cases, and removed from this Court's active docket. These appeals will be reinstated on this Court's active docket when the supplemental clerk's records and the reporter's records are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ <u>Laura C. Higley</u>
☒ Acting individually   ☐ Acting for the Court

Panel consists of _____

Date:  October 30, 2014

3